Terry G. HAYES, Plaintiff–Appellant,

v.

DANARB FOOD GROUP; Al Burns; Mel Burton; Nancy Ritter, Defendants–Appellees.

No. 02–5120.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2002.

Before MOORE and GILMAN, Circuit Judges; ROSEN, District Judge.*

### ORDER

Terry G. Hayes, a pro se Kentucky resident, appeals the district court order dismissing his action and denying his motion to amend his complaint. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief and reinstatement, Hayes sued his former employer Danarb Food Group (Danarb), and Danarb employees Al Burns, Mel Burton, and Nancy Ritter. Hayes alleged that the defendants fired him because he informed the company's insurance carrier that the company had filed a fraudulent claim. Hayes did not cite any federal law in his original complaint, but invoked the Whistleblower Protection Act of 1989, 5 U.S.C. §§ 1211, et seq., and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq., in his amended complaint. The defendants moved to dismiss the case for failure to state a claim, lack of jurisdiction, and as untimely. Hayes moved to amend his complaint a second time, adding the Rehabilitation Act of 1971 and the whistleblower provisions of the False Claims Act (FCA), 31 U.S.C. §§ 3729, et seq., as bases for federal jurisdiction. He also moved to bring in third-party defendants. The district court denied Hayes's motion to amend as futile and dismissed the case for failure to state a claim. See Fed.R.Civ.P. 12(b)(6). The court also denied Hayes's motion for reconsideration.

In his timely appeal, Hayes argues that he has a claim under the whistleblower provisions of 31 U.S.C. § 3730.

Initially, we note that Hayes only argues that he had a claim under 31 U.S.C. § 3730, and does not argue that the district court erred by holding that his complaint failed to state a claim under Hayes's other legal theories. Issues raised in district court but not on appeal are considered abandoned and not reviewable on appeal. *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996). Accordingly, the only issue is whether the district court erred when the court denied Hayes's motion to amend his complaint to add his FCA claim.

This court reviews de novo a district court's legal conclusion that a proposed amendment would be futile. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir.2000), *cert. denied*, 533 U.S. 951, 121 S.Ct. 2594, 150 L.Ed.2d 752 (2001).

Upon review, we conclude that the district court properly denied Hayes's motion to amend his complaint. Hayes worked as an assistant manager at an Arby's restaurant in Louisville, Kentucky. He alleged that his employer filed a claim with its insurance company to pay for an air conditioner which was damaged in a storm. Hayes contacted his employer's insurer to report what he considered to be a fraudulent insurance claim. He claimed that the company fired him after learning of his contact with the insurance company. We agree with the district court that Hayes had no claim because the FCA only addresses fraud against the federal government. *See McKenzie v. BellSouth Telecomm., Inc.*, 219 F.3d 508, 513–16 (6th Cir.2000).

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

The district court properly denied Hayes's motion to amend his complaint because the amendment would have been futile. *See Parry*, 236 F.3d at 306. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.